IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jose Balderas,<br>Ahmad Al-Bahry,<br>Hector Adrian Martinez,<br>and<br>Herberth Ivan Gomez Hernandez<br>c/o 1100 Wayne Avenue, Suite 900<br>Silver Spring, MD 20910<br><br>    Plaintiffs,<br><br>    v.<br><br>BRW, Inc. d.b.a. Captain White Seafood City<br>1100 Maine Avenue, SW<br>Washington, DC 20024,<br><br>Billy Ray White<br>1100 Maine Avenue, SW<br>Washington, DC 20024,<br><br>Sunny White<br>1100 Maine Avenue, SW<br>Washington, DC 20024,<br><br>Penny White<br>1100 Maine Avenue, SW<br>Washington, DC 20024,<br><br>Justin White<br>1100 Maine Avenue, SW<br>Washington, DC 20024,<br><br>and<br><br>Mark White<br>1100 Maine Avenue, SW<br>Washington, DC 20024<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **FILED**<br>JUN 0 8 2012<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia<br><br><br>Civil Action No. _____<br><br><br><br>Case: 1:12-cv-00956<br>Assigned To : Roberts, Richard W<br>Assign. Date : 6/8/2012<br>Description: Labor/ERISA |

## COMPLAINT TO RECOVER UNPAID WAGES

1

RECEIVED
Mail Room

- 8 2012

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

1. Plaintiffs Jose Balderas, Ahmad Al-Bahry, Hector Adrian Martinez, and Herberth Ivan Gomez Hernandez, by and through their undersigned counsel, individually and on behalf of other similarly situated present and past employees of Defendants, known and unknown, bring this civil action against Defendants BRW, Inc. d/b/a "Captain White Seafood City," Billy Ray White, Sunny White, Penny White, Justin White, and Mark White, seeking damages and other relief because Defendants failed to pay them minimum wages and/or overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, ("FLSA") and the District of Columbia Minimum Wage Law, D.C. Code §32-1001 *et seq.* ("DCMWL").

2. Other current and former employees of Defendants are also entitled to recover unpaid minimum wages and/or overtime compensation for the reasons alleged in this complaint. Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23, the above-named Plaintiffs are permitted to maintain this action "for and in behalf of . . . themselves and other employees similarly situated."

## JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367 and the Fair Labor Standards Act, 29 U.S.C. §216 (b).

4. Venue is proper as Defendants are located within the District of Columbia and all relevant actions took place in the District of Columbia.

## PARTIES

5. Plaintiff Jose Balderas ("Balderas") is an adult resident of the Commonwealth of Virginia.

6. Plaintiff Ahmad Al-Bahry is an adult resident of the State of Maryland.

7. Plaintiff Hector Adrian Martinez is an adult resident of the Commonwealth of Virginia.

8. Plaintiff Herberth Ivan Gomez Hernandez is an adult resident of the Commonwealth of Virginia.

9. Defendant, BRW Inc., d/b/a Captain White Seafood City, conducts business in and is incorporated and registered in the District of Columbia.

10. Defendant Billy Ray White is an owner and/or exercises control of BRW, Inc., and he conducts business in the District of Columbia.

11. Defendant Sunny White is an owner and/or exercises control of BRW, Inc., and he conducts business in the District of Columbia.

12. Defendant Penny White is an owner and/or exercises control of BRW, Inc., and she conducts business in the District of Columbia.

13. Defendant Justin White is an owner and/or exercises control of BRW, Inc., and he conducts business in the District of Columbia.

14. Defendant Mark White is an owner and/or exercises control of BRW, Inc., and he conducts business in the District of Columbia.

15. BRW, Inc. is an employer within the meaning of 29 U.S.C. § 203(d).

16. BRW, Inc. is an employer within the meaning of D.C. Code §32-1002(3).

17. Billy Ray White is an employer within the meaning of 29 U.S.C. § 203(d).

18. Billy Ray White is an employer within the meaning of D.C. Code §32-1002(3).

19. Sunny White is an employer within the meaning of 29 U.S.C. § 203(d).

20. Sunny White is an employer within the meaning of D.C. Code §32-1002(3).

21. Penny White is an employer within the meaning of 29 U.S.C. § 203(d).

22. Penny White is an employer within the meaning of D.C. Code §32-1002(3).

23. Justin White is an employer within the meaning of 29 U.S.C. § 203(d).

24. Justin White is an employer within the meaning of D.C. Code §32-1002(3).

25. Mark White is an employer within the meaning of 29 U.S.C. § 203(d).

26. Mark White is an employer within the meaning of D.C. Code §32-1002(3).

27. Jose Balderas was employed by one or more defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code §32-1002(1).

28. Ahmad Al-Bahry was employed by one or more defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code §32-1002(1).

29. Hector Adrian Martinez was employed by one or more defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code §32-1002(1).

30. Herberth Ivan Gomez Hernandez was employed by one or more defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code §32-1002(1).

31. During Plaintiffs' employment with Defendants, Plaintiffs were engaged in interstate commerce and in the sale of goods that have moved through interstate commerce.

32. Other similarly situated individuals, who worked at or are working at Captain White Seafood City, were employed by one or more of the Defendants within the meaning of 29 U.S.C. § 203(g) and D.C. Code §32-1002(1).

33. At all times pertinent to this action, Defendants were the joint employers of Plaintiffs, and other similarly situated individuals, within the meaning of 29 C.F.R. §791.2.

34. Plaintiffs, and other similarly situated individuals, were subject to a common policy and practice, adopted by Defendants, to wit, the failure to pay non-exempt employees minimum

wages and/or overtime wages, at time and one-half their regular rate, for those hours worked in excess of 40 hours in any one workweek.

35. With respect to Plaintiffs' FLSA claims, Plaintiffs' proposed collection action class consists of: all present and past non-exempt employees of Defendants who have not been paid minimum wages and/or have not been paid time and one-half their regular rate of pay for those hours worked in excess of 40 hours in any one workweek, in violation of the FLSA.

36. With respect to Plaintiffs' DCMWL claim, Plaintiffs' proposed class consists of: all present and past non-exempt employees of Defendants who have not been paid minimum wages and/or have not been paid time and one-half their regular rate of pay for those hours worked in excess of 40 hours in any one workweek, in violation of the District of Columbia Minimum Wage Law, D.C. Code § 32-1001 *et seq*.

37. Plaintiffs will fairly and adequately represent and protect the interest of the collective action class members.

38. Plaintiffs' counsel is competent and experienced in litigating FLSA collection actions and other complex wage and hour litigation matters.

## STATEMENT OF FACTS

39. Plaintiffs and other similarly situated individuals worked for one or more of the Defendants at Captain White Seafood City, located at 1100 Maine Avenue, SW, Washington, D.C. 20024.

40. The events complained of and referenced in this Complaint occurred at Captain White Seafood City, located at 1100 Maine Avenue, SW, Washington, D.C. 20024.

41. Plaintiff Jose Balderas worked for one or more of the Defendants from approximately 1999 to January 22, 2012.

42. Plaintiff Balderas performed general labor tasks at Captain White Seafood City, including cleaning fish and selling fish.

43. Plaintiff Balderas regularly worked in excess of 40 hours in any one work week.

44. At the time he left Defendants' employ, Defendants paid Plaintiff Balderas $175.00 per day.

45. At the time he left Defendants' employ, Defendants paid Plaintiff Balderas in check and in cash.

46. Plaintiff Al-Bahry worked for one or more of the Defendants from approximately 1994 to October 5, 2011.

47. Plaintiff Al-Bahry performed general labor tasks at Captain White Seafood City, including filleting fish.

48. Plaintiff Al-Bahry regularly worked in excess of 40 hours in any one work week.

49. At the time he left Defendants' employ, Defendants paid Plaintiff Al-Bahry $150 per day.

50. At the time he left Defendants' employ, Defendants paid Plaintiff Al-Bahry in check and in cash.

51. Defendant Penny White fired Plaintiff Al-Bahry.

52. Plaintiff Hector Adrian Martinez worked for one or more of the Defendants from approximately July 4, 2007, through December 10, 2011.

53. Plaintiff Hector Adrian Martinez performed general labor tasks at Captain White Seafood City, including cleaning the premises and selling fish.

54. Plaintiff Hector Adrian Martinez regularly worked in excess of 40 hours in any one work week.

55. Defendants paid Plaintiff Hector Adrian Martinez the following amounts:

   a. From approximately 2007 through April 2010, $110 per day.

   b. From approximately April 2010 to the summer of 2011, $135 per day.

   c. From the summer of 2011 through December 2011, $145 per day.

56. At the time he left Defendants' employ, Defendants paid Plaintiff Hector Adrian Martinez in check and cash.

57. Defendant Penny White fired Plaintiff Hector Adrian Martinez.

58. Plaintiff Herberth Ivan Gomez Hernandez worked for one or more of the Defendants from approximately September 2007 through February 21, 2012.

59. Plaintiff Herberth Ivan Gomez Hernandez performed general labor tasks at Captain White Seafood City.

60. Plaintiff Herberth Ivan Gomez Hernandez regularly worked in excess of 40 hours in any one work week.

61. Defendants paid Plaintiff Herberth Ivan Gomez Hernandez the following amounts:

   a. From approximately September 2007 through sometime in 2009, $95 per day.

   b. From sometime in 2009 through until November 2010, $115 per day.

   c. From November 2010 through February 2012, $135 per day.

62. Defendants paid Plaintiff Herberth Ivan Gomez Hernandez in check and cash.

63. Defendant Billy Ray White had the power to hire and fire Plaintiffs.

64. Defendant Billy Ray White had the power to supervise Plaintiffs' work.

65. Defendant Bill Ray White had the power to determine Plaintiffs' schedule.

66. Defendant Billy Ray White had the power to determine Plaintiff's pay rate.

67. Defendant Billy Ray White had the power to determine the method by which Plaintiffs were paid.

68. Defendant Sunny White had the power to hire and fire Plaintiffs.

69. Defendant Sunny White had the power to supervise Plaintiffs' work.

70. Defendant Sunny White had the power to determine Plaintiffs' schedule.

71. Defendant Sunny White had the power to determine Plaintiff's pay rate.

72. Defendant Sunny White had the power to determine the method by which Plaintiffs were paid.

73. Defendant Penny White had the power to hire and fire Plaintiffs.

74. Defendant Penny White had the power to supervise Plaintiffs' work.

75. Defendant Penny White had the power to determine Plaintiffs' schedule.

76. Defendant Penny White had the power to determine Plaintiff's pay rate.

77. Defendant Penny White had the power to determine the method by which Plaintiffs were paid.

78. Defendant Justin White had the power to hire and fire Plaintiffs.

79. Defendant Justin White had the power to supervise Plaintiffs' work.

80. Defendant Justin White had the power to determine Plaintiffs' schedule.

81. Defendant Justin White had the power to determine Plaintiff's pay rate.

82. Defendant Justin White had the power to determine the method by which Plaintiffs were paid.

83. Defendant Mark White had the power to hire and fire Plaintiffs.

84. Defendant Mark White had the power to supervise Plaintiffs' work.

85. Defendant Mark White had the power to determine Plaintiffs' schedule.

86. Defendant Mark White had the power to determine Plaintiff's pay rate.

87. Defendant Mark White had the power to determine the method by which Plaintiffs were paid.

88. Defendants did not require Plaintiffs to record the time when they started work each day.

89. Defendants did not require employees other than Plaintiffs to record the time when they started work each day.

90. Defendants did not require Plaintiffs to record the time when they ended work each day.

91. Defendants did not require employees other than Plaintiffs to record the time when ended work each day.

92. Defendants did not record the time when Plaintiffs started work each day.

93. Defendants did not record the time when employees other than Plaintiffs started work each day.

94. Defendants did not record the time when Plaintiffs ended work each day.

95. Defendants did not record the time when employees other than Plaintiffs ended work each day.

96. Pursuant to 29 C.F.R. § 516 and D.C. Code § 32-1008, Defendants are required to maintain a record of each hour worked, each day worked, and each week work by any employee.

97. Defendants collectively maintained Plaintiffs' employment records.

98. The exact number of hours worked by Plaintiffs, and those similarly situated, will only be known through discovery.

99. At all times relevant to this action, Defendants failed to comply with the posting requirements of D.C. Code §32-1009 and 29 C.F.R. §516.4.

100. The exact amount of minimum wages and/or overtime wages owed to Plaintiffs, and those similarly situated, can only be determined through discovery.

101. Defendants failure to comply with the minimum wage and overtime requirements of the FLSA and the DCWHL were willful because, among other reasons:

    a. Defendants were and are aware that the FLSA requires Defendants to pay all employees the federal minimum wage.

    b. Defendants were and are aware that the FLSA requires Defendants to pay time and one-half for all hour worked in excess of 40 hours in any one work week;

    c. Defendants failed to maintain true and accurate time records; and

    d. Defendants failed to maintain true and accurate payroll records.

102. There is no bona fide dispute that Defendants owe Plaintiffs, and those similarly situated, time and one-half for all hours worked in excess of 40 hours in any one work week.

103. Defendants' continued violations of the FLSA and DCWHL demonstrate actual or implied malice.

## COUNT 1
### FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT

104. Plaintiffs hereby incorporate paragraphs 1-103 as if fully stated herein.

105. Plaintiffs, and other similarly situated present and past employees of Defendants, are "employees" within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203 (e) (1).

106. Plaintiffs, and other similarly situated present and past employees of Defendants, are "non-exempt" employees within the meaning of the FLSA, 29 U.S.C. §213.

107. Defendants are "employers" within the meaning of the FLSA, 29 U.S.C. §203 (d).

108. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. §206 (a)(1).

109. The FLSA requires that employers pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week, pursuant to 29 U.S.C. §207(a)(1).

110. Defendants violated the FLSA by knowingly failing to pay Plaintiffs, and other similarly situated present and past employees of Defendants, the minimum wage and/or pay Plaintiffs, and other similarly situated present and past employees of Defendants, for overtime hours at the rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week, in violation of 29 U.S.C. §207(a)(1).

111. Defendants' actions in violation of 29 U.S.C. §§ 206 and 207 were willful.

112. Defendants are liable to Plaintiffs, and other similarly situated present and past employees of Defendants, under 29 U.S.C. §§ 206, 207 and 216 of the FLSA, for their unpaid minimum wage and overtime compensation, plus an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

### COUNT 2
### FAILURE TO PAY MINIMUM WAGES AND/OR OVERTIME WAGES UNDER THE DISTRICT OF COLUMBIA MINIMUM WAGE ACT

113. Plaintiffs hereby incorporate paragraphs 1-112 as if fully stated herein.

114. Plaintiffs, and other similarly situated present and past employees of Defendants, are "employees" within the meaning of the D.C. Minimum Wage Act, D.C. Code §32-1002 (2).

115. Plaintiffs, and other similarly situated present and past employees of Defendants, are "non-exempt" employees within the meaning of D.C. Code §32-1004.

116. Defendants are "employers" within the meaning of D.C. Code §32-1002 (3).

117. D.C. Code §32-1003 (a) requires that employers pay non-exempt employees the federal minimum wage pursuant to the Fair Labor Standards Act, plus one dollar ($1.00).

118. Defendants violated D.C. Code §32-1003 (a) by failing to pay one or more Plaintiffs, and other similarly situated present and past employees of Defendants, the minimum wage required by D.C. Code §32-1003 (a).

119. D.C. Code §32-1003 (c) requires employers to pay employees at the rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

120. Defendants violated D.C. Code §32-1003 (c) by failing to pay Plaintiffs, and other similarly situated present and past employees of Defendants, at the rate of one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

121. Defendants' actions in violation of D.C. Code §32-1003 (a) and §32-1003 (c) were willful.

122. Defendants are liable to Plaintiffs, and other similarly situated present and past employees of Defendants, under D.C. Code §§32-1003(a), 32-1003(c), and 32-1012(a) and (c), for their unpaid minimum wage and overtime compensation, plus an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, and other similarly situated present and past employees of Defendants, respectfully pray that this Court enter judgment against all Defendants, jointly and severally, in Plaintiffs' favor on all counts, and grant the following relief:

a. Award each Plaintiff, and other similarly situated present and past employees of Defendants, his or her unpaid minimum wages, plus liquidated damages, pursuant to 29 U.S.C. §§ 206 and 216;

b. Award each Plaintiff, and other similarly situated present and past employees of Defendants, his or her unpaid overtime wages, plus liquidated damages, pursuant to 29 U.S.C. §§ 207 and 216;

c. Award each Plaintiff, and other similarly situated present and past employees of Defendants, his or her unpaid minimum wages, plus liquidated damages, pursuant to D.C. Code §§ 32-1003(a) and 32-1012;

d. Award each Plaintiff, and other similarly situated present and past employees of Defendants, his or her unpaid overtime wages, plus liquidated damages, pursuant to D.C. Code §§ 32-1003(c) and 32-1012;

e. Award to Plaintiffs their costs and attorneys' fees incurred in this action, as provided for by 29 U.S.C. § 216(b) and D.C. Code § 32-1012(c); and

f. Any additional relief the Court deems just.

Respectfully Submitted,
LAW OFFICES OF GARY M. GILBERT
& ASSOCIATES

*/s/ Daniel A. Katz*

Daniel A. Katz, D.C. Bar No. 447412
1100 Wayne Avenue, Suite 900
Silver Spring, MD 20910
(301) 608-0880
(301) 608-0881 (facsimile)
dkatz@ggilbertlaw.com


DISTRICT OF COLUMBIA
EMPLOYMENT JUSTICE CENTER

*/s/ Sally Abrahamson by DAK w/ permission*

Sally Abrahamson, D.C. Bar No. 999058
D.C. Employment Justice Center
1413 K Street, NW, 5th Floor
Washington, D.C. 20005
(202) 828-9675 ext. 16
(202) 828-9190 (facsimile)
sabrahamson@dcejc.org